OPINION OF THE COURT
Debra J. Kiedaisch, J.
The New York Law Guardian assigned by this court to represent the subject juvenile (Stacey) in this proceeding has moved to dismiss a requisition for return to the State of South Carolina of Stacey under the Interstate Compact on Juveniles (hereafter, the Compact; McKinney’s Uncons Laws of NY §§ 1801-1806 [L 1955, ch 155, as amended]). The petitioner Orange County Department of Law opposes the motion to dismiss the petition and seeks Stacey be returned to authori *714 ties in South Carolina in whose custody Stacey was placed by court order in South Carolina. A hearing in the matter is presently scheduled before this court on March 13, 2002 at 11:00 A.M.
Stacey has been the subject of parental neglect proceedings in the State of South Carolina which included the emergency removal of Stacey and her siblings from the father’s household. The Family Court, Fifth Judicial Circuit, Kershaw County, South Carolina, by order dated November 2, 2001, upon consent of the parties including the children’s guardian ad litem, returned the siblings to the custody of their parents subject to oversight by the Kershaw County Department of Social Services (DSS). With respect to Stacey, the prior order placing her in the custody of the Kershaw County DSS continues with the matter ordered for further proceedings upon “the return of Stacey B. to South Carolina or sooner upon petition of any party.”
In seeking dismissal of the instant proceeding the Law Guardian for Stacey, appointed by this court, submits that Stacey’s reasons for resisting return to South Carolina is that she bore witness against certain of the adult drug users in her father’s household and fears physical retribution from them if she is returned to South Carolina. The Law Guardian contends this court must first determine whether it is in Stacey’s best interests to be returned to South Carolina.
The Compact for its findings and purposes in article I, thereof, entitled “Findings and Purposes,” sets forth, among other things, that juveniles who are not under proper supervision and control and have run away are likely to endanger their welfare. The cooperation of the party states to the Compact is therefore necessary to provide for the welfare and protection of juveniles, and of the public, with respect to the return of the juvenile to the home requisitioning state. Article I of the Compact states it shall be the policy of the party states to this Compact to cooperate and observe their respective responsibilities for the prompt return and acceptance of juveniles who become subject to the provisions of this Compact which shall be reasonably and liberally construed to accomplish the foregoing purposes. Article IV of the Compact, entitled “Return of Runaways,” provides that the state to which a requisition is forwarded for the return of a runaway juvenile may fix a reasonable time to be allowed for the purpose of testing the legality of the proceeding. If the courts of such state shall find the requisition is in order, the court shall deliver such juvenile over to the officer whom the demanding court has appointed to *715 receive the juvenile. The Compact further provides it shall have the full force and. effect of law within such state which executes it (see, art XIII). The Compact reserves to the states joining the Compact that particular provisions shall be sever-able and without effect as to such participating state if, among other things, it is contrary to the constitution of the state, or the applicability of the provision is held invalid to the government or an agency of the state (see, art XV).
The clear import of the language of the Compact is that the state signatories to the Compact have agreed as a matter of policy to abide by the orders of member states with respect to the orders for the placement and custody of juveniles who appear to be lawfully subject to the jurisdiction of the requisitioning state, and to cooperate in the implementation of the return of runaway juveniles to such states. It is apparent that there would be inherent practical and logistical difficulties in requiring best interests hearings to be held in distant jurisdictions to which a juvenile may have wandered far away from the jurisdiction which has lawfully conducted custody related proceedings concerning the juvenile, and where relevant witnesses live. While the Compact reserves to the signatory states the right to withhold that cooperation in cases where to grant it would violate the state’s constitution or the mandate of governmental entities or agencies, the burden of proof to prove such violation falls upon the juvenile resisting requisition. It is analogous in our own local family law jurisprudence to a Family Court Act § 1028 hearing where the burden is upon the governmental agency seeking to curtail the custodial rights of the natural parents to show “the return presents an imminent risk to the child’s life or health” (Family Ct Act § 1028 [a]). Thus, this court determines the standard before this court in requisition proceedings under the Compact where a reasonable showing has been made as to the legality of the proceedings underlying the order of requisition is not a general “best interest” of the child standard. Rather, the burden of proof in this case is upon the juvenile to show that return to the requisitioning State of South Carolina would place the juvenile in imminent risk to her life or mental or physical health.